IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
Rome Division

| | | |
|---|---|---|
| ALETIA MOON and ZACHARY CARRIER | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| vs. | ) ) | FILE NO. 4:08-CV-021 - HLM |
| ADVANCED MEDICAL OPTICS, INC. | ) ) ) ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT
## ON AFFIRMATIVE DEFENSE OF COMPARATIVE NEGLIGENCE

### Statement of Facts

In its Answer, Defendant AMO asserted the affirmative defense of comparative negligence related to the alleged misuse of Complete MoisturePLUS ("CMP") by Zach Carrier. "Plaintiffs failed to exercise ordinary care on their own behalf for their own safety. The negligence caused the injury and damage, if any, sustained. Consequently, Plaintiffs' right to recover should be barred or, at a minimum, diminished by a proportional share of fault." (Fourth Affirmative Defense in Defendant's Answer) Over the course of this litigation Defendant has identified four experts: Claude Anger, William Damaska, Dr. Oliver Schein and

Dr. James Key but only Dr. Key reviewed any documents or depositions relevant to Zach Carrier's use of Defendant's contact lens solution. (Defendant's Expert Designation & Expert Reports) Dr. Key testified that he had no criticisms of Zach Carrier, and that, in his opinion, Zach used CMP appropriately and took care of his contacts correctly. (Deposition of Dr. James Key p. 45 ln.18 through p.46 ln.3; Exhibit "42" previously filed under seal with Defendant's Response Brief) There is no evidence in the record that Zach Carrier misused CMP or failed to take care of his contacts. (Deposition of Zach Carrier)

## Argument & Citation of Authority

A defendant bears the burden of proof in proving the essential elements of an affirmative defense, such as comparative negligence, and a failure to provide evidence to support an element of the defense will entitle the plaintiff to summary judgment or a directed verdict on the defense. Hamilton v. Henderson, 260 Ga. App. 132, 579 S.E.2d 58 (2003); Drake v. Page, 195 Ga. App. 226, 393 S.E.2d 89 (1990) "There are two essential elements in contributory negligence- a want of ordinary care, and a causal connection between the act and the injury complained of." Kansas City Southern Ry. Co. v. Prunty, 133 F. 13 (5th Cir. 1904)

First, there is no evidence that Zach misused Complete MoisturePLUS or failed to properly take care of his contacts. Defendant's expert James Key

specifically testified that Zach Carrier did nothing wrong in regards to the use of

Defendant's product.

> Q.   Do you have any criticisms of Zach Carrier
>      in regards to him developing the
>      acanthamoeba keratitis?
>
> A.   No.
>
> Q.   Do you have any reason to believe that Zach
>      Carrier did not follow the appropriate
>      guidelines in caring for his contacts?
>
> A.   No.
>
> Q.   Do you have any reason to believe that Zach
>      Carrier did not follow the regimen
>      appropriately for the use of the contact lens
>      solution?
>
> A.   No.

(Deposition of James E. Key, M.D., p. 45 ln.18 through p.46 ln.3)

Because there is no evidence that Zach misused the product, Defendant cannot

prove an essential element of its affirmative defense of comparative negligence.

Second, even if Defendant could show that Zach was somehow negligent in

the use of CMP, there still is no evidence that this negligence caused Zach to

develop acanthamoeba keratitis. Expert testimony is required to prove a causal

connection between any alleged negligence and the development of a complex

medical condition like acanthamoeba keratitis.

Medical questions may be defined as those concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence…The diagnosis and potential continuance of a disease are medical questions to be established by physicians as expert witnesses and not by lay persons…[I]t is not one of those matters which jurors must be credited with knowing by reason of common knowledge. Eberhart v. Morris Brown College, 181 Ga. App. 516, 518, 352 S.E.2d 832 (1987).

In order to prove proximate cause when there is a medical question involved, an expert must state to a reasonable degree of medical certainty that the negligence caused the injury. "In cases that involve issues of causation which, by the nature of the situation, [can] be resolved solely by expert medical evidence standing alone,... the evidence must naturally be based at least on reasonable probability. It appears to be well settled that medical testimony as to the possibility of a causal relation between a given accident or injury and the subsequent death or impaired physical or mental condition of the person injured is not sufficient, standing alone, to establish such relation." Maurer v. Chyatte, 173 Ga. App. 343, 344-345, 326 S.E.2d 543 (1985)

Dr. Key completely fails to provide any causal connection between Zach's alleged negligence and the development of acanthamoeba keratitis, in large part

because Dr. Key does not believe Zach did anything wrong. Since there is no expert testimony establishing a causal link between Zach's alleged negligence and the development of acanthamoeba keratitis, Defendant's affirmative defense of comparative negligence must fail.

CONCLUSION

Accordingly and for the foregoing reasons, Plaintiffs respectfully request that the motion for summary judgment be granted and that the Defendant's affirmative defense of comparative negligence be discounted.

Dated on February 17, 2010.

FRIED ROGERS GOLDBERG LLC


*/s/ Michael L. Goldberg*
MICHAEL L. GOLDBERG
GEORGIA STATE BAR NUMBER 299472

ATTORNEYS FOR PLAINTIFF


3399 PEACHTREE ROAD, N.E.
SUITE 325
ATLANTA, GEORGIA 30326
404-591-1800
404-591-1801(Fax)

<u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This brief has been prepared in Times New Roman font, 14 point.

Dated on February 17, 2010.

FRIED ROGERS GOLDBERG LLC


/s/ Michael L. Goldberg
MICHAEL L. GOLDBERG
GEORGIA STATE BAR NUMBER 299472


ATTORNEYS FOR PLAINTIFF

3399 PEACHTREE ROAD, N.E.
SUITE 325
ATLANTA, GEORGIA 30326
404-591-1800
404-591-1801(Fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day electronically filed the foregoing **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSE COMPARATIVE NEGLIGENCE** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

Z. Ileana Martinez
Thompson Hine LLP
One Atlantic Center
1201 West Peachtree Street, NW
Suite 2200
Atlanta, Georgia 30309-3449

Dated on February 17, 2010.

FRIED ROGERS GOLDBERG LLC

*/s/ Michael L. Goldberg*
MICHAEL L. GOLDBERG
GEORGIA STATE BAR NUMBER 299472

ATTORNEYS FOR PLAINTIFF

3399 PEACHTREE ROAD, N.E.
SUITE 325
ATLANTA, GEORGIA 30326
404-591-1800
404-591-1801(Fax)