IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ALETIA MOON and
JAMES ZACHARY CARTER,

    Plaintiffs,

v.

    CIVIL ACTION FILE
    NO. 4:08-CV-0021-HLM

ADVANCED MEDICAL OPTICS,
INC.,

    Defendant.

## ORDER

This case is before the Court on Plaintiffs' Motion for Partial Summary Judgment on Issue of General Causation and Motion to Exclude Testimony of Claude Anger and Oliver Shein [143], Defendant's Motion to Strike [144], and Plaintiffs' Motion to Amend Scheduling Order [145].

The discovery period in this case expired on December 31, 2009. (Docket Entry No. 87.) On January 15, 2010, Defendant filed a Motion for Extension of Time to File Summary Judgment, requesting that the Court extend the time period for Defendant to

AO 72A
(Rev.8/82)

file its Motion for Summary Judgment through and including March 5, 2010. (Docket Entry No. 111.) Plaintiffs opposed Defendant's request, contending that the resolution of this case already had been unduly delayed. (Docket Entry No. 119.)

On January 19, 2010, the Court granted Defendant's Motion for Extension of Time to File Motion for Summary Judgment. (Order of Jan. 22, 2010.) The Court extended the time period for Defendant to file a Motion for Summary Judgment through and including March 5, 2010. (Id.) At that point, Plaintiffs already had filed a Motion for Partial Summary Judgment on the Issue of Defendant's Strict Liability for a Defective Product, and had not requested an extension of time to file a summary judgment motion; therefore, the January 22, 2010, Order did not extend the time for Plaintiffs to file summary judgment motions.

On February 17, 2010, Plaintiffs filed a Motion for Partial Summary Judgment on Affirmative Defense of Comparative Negligence. (Docket Entry No. 140.) On February 18, 2010, the

Court denied Plaintiffs' Motion for Partial Summary Judgment on the Issue of Defendant's Strict Liability for a Defective Product. (Order of Feb. 18, 2010.) On February 25, 2010, Plaintiffs filed a Motion for Partial Summary Judgment on Issue of General Causation and Motion to Exclude Testimony of Claude Anger and Oliver Shein. (Docket Entry No. 143.)

On February 26, 2010, Defendant filed a Motion to Strike. (Docket Entry No. 144.) Defendant requested that the Court strike Plaintiffs' Motions for Partial Summary Judgment, arguing, among other things, that the motions were untimely filed and that the Motion for Partial Summary Judgment on Issue of General Causation and Motion to Exclude Testimony of Claude Anger and Oliver Shein improperly combined a <u>Daubert</u> motion and a summary judgment motion.

On March 1, 2010, Plaintiffs filed a Motion to Amend Scheduling Order. (Docket Entry No.) Plaintiffs request that the Court extend the time period for Plaintiffs to file summary judgment

3

motions through and including March 5, 2010. (Docket Entry No. 145.) On March 4, 2010, Plaintiffs re-filed their Motion for Partial Summary Judgment on Issue of General Causation and their Motion to Exclude Testimony of Oliver Shein and Claude Anger as separate Motions. (Docket Entry Nos. 147-48.)[1]

In an effort to keep the Court's docket from becoming even more cluttered by repeated Motions, the Court finds that it is appropriate to resolve Defendant's Motion to Strike and Plaintiffs' Motion to Amend Scheduling Order at this point.[2] Because the Motions are related, the Court discusses the Motions together.

First, Defendant correctly notes that the January 22, 2010, Order did not extend the time for Plaintiffs to file summary judgment motions. The January 22, 2010, Order did not contain such an

---

[1] Plaintiffs should have sought and obtained permission from the Court to re-file the Motions.

[2] For the benefit of counsel, the Court observes that this case is not the only one on the Court's docket, and that the Court expects counsel to refrain from filing unnecessary motions, so as to avoid wasting the Court's time and resources, as well as the time and resources of opposing counsel.

extension because: (1) Plaintiffs never requested such an extension; (2) Plaintiffs opposed Defendant's request to extend the time for filing its summary judgment motion so vehemently that it did not occur to the Court that Plaintiffs might wish to file yet another summary judgment motion; and (3) the Court expects that parties will file one single summary judgment motion that addresses all of the issues, and, when the Court issued the January 22, 2010, Order, Plaintiffs already had filed their first Motion for Partial Summary Judgment. Plaintiffs' last three Motions for Partial Summary Judgment thus technically are untimely. To the extent that Plaintiffs' counsel was confused concerning the deadlines for filing Plaintiffs' summary judgment motions, counsel should have requested, and obtained, an extension of time to file Plaintiffs' summary judgment motions, or, at a minimum, should have contacted the Court for guidance, instead of simply proceeding to file the motions.

Second, Defendant correctly notes that Plaintiffs improperly combined both a motion for partial summary judgment and a <u>Daubert</u> motion in the filing docketed as Docket Entry No. 143. That Motion thus is technically improper, and the Court ordinarily would deny the Motion without prejudice and require Plaintiffs to re-file that document, separating their summary judgment motion from their <u>Daubert</u> motion.

The Court, however, finds that it is appropriate to extend the time period in which Plaintiffs may file summary judgment motions. As Plaintiffs point out, Defendant has until March 5, 2010, to file its summary judgment motion. The Court cannot determine at this point that Plaintiffs' Motions for Partial Summary Judgment will not assist the Court in narrowing the issues for trial.[3] The Court also concludes that Defendant will not suffer significant prejudice if the

---

[3]The Court will address Defendant's argument that Plaintiffs' new summary judgment motions simply rehash issues previously rejected by the Court when the Court addresses the merits of those motions.

Court grants the extension requested by Plaintiffs. The Court therefore will extend the time period for Plaintiffs to file their Motions for Partial Summary Judgment through and including March 5, 2010.[4]

Finally, the Court observes that Plaintiffs have re-filed their Motion for Partial Summary Judgment on the Issue of General Causation and their Motion to Exclude Testimony of Oliver Shein and Claude Anger as separate Motions.[5] In light of that development, the Court will deny the previously-filed joint Motion for Partial Summary Judgment on Issue of General Causation and Motion to Exclude Testimony of Claude Anger and Oliver Shein as moot and without prejudice.

---

[4]As previously noted, the Court expects a party to file one single summary judgment motion that addresses all of the issues on which the party requests summary judgment. The Court, however, will not strike Plaintiffs' Motions for Partial Summary Judgment on that ground.

[5]The deadlines for responding to those Motions will run from March 4, 2010, the date that Plaintiffs re-filed the Motions as separate documents.

AO 72A
(Rev.8/82)

ACCORDINGLY, the Court **DENIES AS MOOT** Plaintiffs' Motion for Partial Summary Judgment on Issue of General Causation and Motion to Exclude Testimony of Claude Anger and Oliver Shein [143]. The Court **DENIES AS MOOT AND WITHOUT PREJUDICE** Defendant's Motion to Strike [144]. The Court **GRANTS** Plaintiffs' Motion to Amend Scheduling Order [145], and **EXTENDS** the time for Plaintiffs to file summary judgment motions through and including March 5, 2010.

IT IS SO ORDERED, this the 4th day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE