IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ALETIA MOON and ZACHARY CARRIER | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. 4:08-CV-021-HLM |
| ADVANCED MEDICAL OPTICS, INC. | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ADVANCED MEDICAL OPTICS, INC.'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER LAWSUITS, CLAIMS, OR INCIDENTS**

Defendant Advanced Medical Optics, Inc. (n/k/a Abbott Medical Optics Inc.) ("AMO") submits the following Memorandum in Support of Motion in Limine regarding Plaintiffs' anticipated attempt at trial to introduce evidence of or refer to other lawsuits, claims or incidents involving injuries allegedly attributable to the use of AMO's contact lens solution, Complete MoisturePlus® Multi-Purpose Solution ("CMP") (the "Other Incidents Evidence").  Because Plaintiffs will be unable to establish any substantial similarity between any other lawsuit, claim, or incident and the incident allegedly giving rise to Plaintiffs' claims in this lawsuit, the Other Incidents Evidence is irrelevant to the issues in this case, and AMO is

entitled to an order precluding Plaintiffs from introducing or referring to the Other Incidents Evidence.

I. **IN LIMINE ORDER REQUESTED BY THIS MOTION**

By this motion, AMO requests:

An order precluding Plaintiffs Aletia Moon and Zachary Carrier from introducing any evidence of or referring to other lawsuits, claims, or incidents against AMO, or to injuries to other persons allegedly attributable to the use of AMO's contact lens solution, CMP.

II. **PRELIMINARY STATEMENT**

This medical device product liability case involves a multi-purpose contact lens solution, CMP, that AMO marketed between July 2003 and May 2007. Plaintiff Zachary Carrier claims that he used CMP to clean and store his contact lenses, and that CMP was defective and "caused" him to develop Acanthamoeba keratitis ("AK").

In addition to this lawsuit, AMO is or has been a defendant in more than 140 separate personal injury cases and three class action matters venued in fifteen States throughout the country, related to claims of personal injury from the alleged use of CMP. Each of those cases involves unique contact lens care and use practices and a case and health history unique to each personal injury plaintiff.

AMO anticipates that Plaintiffs will attempt to refer to or introduce evidence regarding the Other Incidents Evidence at trial. Plaintiffs have taken the deposition of at least one former plaintiff against AMO (Paige Reichardt) and have informed AMO that they will seek to admit the deposition testimony of this former plaintiff during the trial of this case. Plaintiffs also have named at least 135 current or former plaintiffs in lawsuits against AMO as potential trial witnesses in this case. Although Plaintiffs' counsel recently informed AMO that Plaintiffs have decided: (1) to remove all of the other AMO plaintiffs from the Pre-Trial Order and (2) not to call them as witnesses at trial with the exception of Paige Reichardt,[1] it is not clear whether Plaintiffs may still attempt, through some other means, to reference or introduce at trial evidence of the existence of the other lawsuits or claims involving CMP.

Well-settled law prohibits Plaintiffs from introducing such evidence absent a clear demonstration of substantial similarity between Plaintiffs' claims and such other claims or lawsuits. Given the unique facts of Plaintiffs' claims and the absence of detailed evidence regarding any other claims or suits, Plaintiffs will be unable to meet this threshold requirement. Therefore, AMO requests an Order

---

[1] The testimony of Ms. Reichardt that Plaintiffs have designated for use at this trial is the subject of a separate motion in limine.

precluding Plaintiffs from introducing or referring to such evidence at trial, including during jury selection, opening statements, the testimony and examination of witnesses, and closing arguments.

### III.  ARGUMENT AND CITATION OF AUTHORITY

#### A.  Evidence of Other Lawsuits, Claims or Alleged Injuries Must Meet the Test of "Substantial Similarity."

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 402 states, in relevant part, that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence regarding other claims or lawsuits involving CMP is not relevant and should be excluded from the trial of this case.

Evidence regarding "other incidents" is inadmissible as irrelevant unless a plaintiff demonstrates that the "other incidents" are substantially similar to the one at issue. *See Gibson v. Ford Motor Co.*, 510 F. Supp. 2d 1116, 1123 (N.D. Ga. 2007) ("It is well-established in this circuit that before evidence of prior accidents or occurrences is admitted into evidence, the proponent of such evidence must show that conditions substantially similar to the occurrence [at issue in the litigation] caused the prior [occurrence]." (internal quotations omitted)); *Reid v.*

4

*BMW of N. America*, 464 F. Supp. 2d 1267, 1271 (N.D. Ga. 2006) ("Evidence of prior accidents or occurrences is only admissible if … the proponent of the evidence shows that conditions substantially similar to the occurrence in question caused the prior accidents."). *Accord Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989) (evidence of injuries to other persons allegedly caused by manufacturer's saws was inadmissible because plaintiff failed to present sufficient facts demonstrating that the other events were substantially similar to plaintiff's case).

Where, as here, foundational evidence to establish the substantial similarity of another incident to a particular incident is lacking, courts exclude the other incident evidence. *See Gibson*, 510 F. Supp. 2d at 1123. *Accord Rye*, 889 F.2d at 102 ("None of the prior incidents contained sufficient facts for the District Court to find that the circumstances were substantially similar to those in appellant's case."); *Edwards v. Consol. Rail Corp.*, 567 F. Supp. 1087, 1106 n.29 (D.D.C. 1983) (substantial similarity not shown where plaintiffs "failed to provide any but the most cursory factual accounts of these prior incidents").

Evidence of other lawsuits or complaints falls squarely within the "other similar incidents" rubric. *See Ramirez v. E.I. DuPont De Nemours & Co.*, No. 8:09-cv-321-T-33TBM, 2010 U.S. Dist. LEXIS 97718 (M.D. Fla. Sept. 1, 2010)

(citing *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir 1988); *Hessen v. Jaguar Cars, Inc.*, 915 F.2d 641, 649 (11th Cir. 1990)); *Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479-J-33MCR, 2006 U.S. Dist. LEXIS 73238, *6 (M.D. Fla. Oct. 6, 2006) (explaining that prior lawsuits in the context of employment discrimination case "constitute evidence of prior acts unrelated to [the] litigation.").

The analysis in *Ramirez* is particularly relevant here.  In *Ramirez*, the court prevented the plaintiff in a product liability lawsuit from introducing evidence of other lawsuits and claims relating to the product at issue in the lawsuit.  *Ramirez*, 2010 U.S. Dist. LEXIS 97718, at *2.  The court explained that "such evidence is only admissible if conditions ***substantially similar*** to the occurrence caused the prior accidents, and the prior incidents were not too remote in time."  *Id*. at *4 (emphasis supplied).  Without meeting that burden, the evidence "would be greatly harmful to Defendant" and, therefore, the court "would never allow Plaintiff to introduce such inflammatory and damaging evidence."  *Id*. at *2-3.

**B.    Plaintiffs cannot establish substantial similarity between their claims and any other claims or lawsuits.**

The uniqueness of Plaintiffs' claims precludes evidence regarding other claims or suits involving the use of CMP.  By way of example only, even to begin to demonstrate substantial similarity, Plaintiffs would need to establish that these

6

other claimants or individuals had at a minimum, used CMP, used CMP for the same duration as Plaintiff, had read the same portions of the box as he did, and had exercised the same contact lens hygiene or lack thereof, as Plaintiff Carrier. Plaintiffs also would need to show that other claimants or litigants had similar medical histories, including a history of herpes keratitis, and lens overwear, and that they wore similar types of contact lenses and kept them in similar types of lens cases. The nature and extent of each other claimant's alleged injury, and the course of treatment pursued in treating each individual circumstance, would also need to be factually developed. Moreover, because Acanthamoeba is ubiquitous and found in tap water, soil and a variety of other places, Plaintiffs also would need to show that other claimants or litigants were, for example, exposed to identical municipal water sources or other source(s) of Acanthamoeba.

As a practical matter, Plaintiffs will be unable to meet this threshold burden. The level of detail required to establish substantial similarity is absent from any case reports, Medical Device reporting forms, or other documentary evidence suggesting an association between CMP and AK (all of which necessarily suffer from a myriad of hearsay-related evidentiary failings). Thus, to establish substantial similarity between with these other individuals, Plaintiffs would have to put on a "trial within a trial" for each other plaintiff or claiming, causing

substantial delay, confusion and prejudice to AMO.  *See Wilson v. Bicycle South, Inc.*, 915 F.2d 1503 (11th Cir. 1990) (trial court properly excluded evidence of "similar accidents" by refusing to allow testimony regarding another incident involving the collapse of another wheel manufactured by Bicycle South, finding that the evidence was not probative because of the need for a considerable amount of extrinsic evidence in the form of a "trial within a trial" to determine whether the incidents were sufficiently similar to meet the standards of Fed.R.Evid. 403).

Finally, even if other claims or lawsuits involving CMP had some probative value, which they do not, the admission of such evidence would be unfairly prejudicial, and would certainly lead to confusion as the jurors sift through the facts of unrelated medical claims and histories and speculate as to how they might shed any light on the circumstances of Plaintiffs' claims.  Therefore, evidence of other claims or lawsuits should be excluded pursuant to Fed. R. Evid. 401, 402, and 403.  *See Ramirez*, 2010 U.S. Dist. LEXIS 97718, at *2 (holding that Fed. R. Evid. 403 bars the introduction of other incidents evidence).  *Accord Carter v. District of Columbia*, 795 F.2d 116, 128 (D.C. Cir. 1986) ("[g]iven the slight probative force of this evidence [(newspaper articles)] and its obvious potential for prejudice, we perceive no balance on which it properly could have been admitted" (internal quotations omitted)).  Indeed, any reference to the Other Incidents

Evidence would create the serious risk that the jury will be asked to find AMO liable not because of its alleged conduct with respect to Plaintiffs, but because others have allegedly made complaints about AMO or CMP.  Therefore, Rule 403 further precludes the admission of the Other Incidents Evidence.

## IV. **CONCLUSION**

For the foregoing reasons, AMO requests an order precluding Plaintiffs from introducing evidence of other lawsuits, claims, incidents, or injuries alleged in connection with CMP, as they are irrelevant to those alleged in this case.

Respectfully submitted, this 6th day of December, 2010.

                              THOMPSON HINE LLP

                              BY:   /s/ Z. Ileana Martinez
                                     Z. Ileana Martinez
                                     Georgia State Bar No. 474660
                                     Leslie J. Suson
                                     Georgia State Bar No. 142162
                                     Attorneys for Defendant

One Atlantic Center, Suite 2200
1201 West Peachtree Street
Atlanta, Georgia 30309-3449
Telephone:  (404) 541-2900
Facsimile:    (404) 541-2905
Email: Ileana.Martinez@ThompsonHine.com
Leslie.Suson@ThompsonHine.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **ADVANCED MEDICAL OPTICS INC.'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER LAWSUITS, CLAIMS, OR INCIDENTS** upon all parties to this matter via electronic filing and/or U.S. Mail addressed to the counsel of record as follows:

Michael L. Goldberg, Esq.
Fried Rogers Goldberg LLC
3399 Peachtree Road, NE
The Lenox Building, Suite 325
Atlanta, Georgia  30326-2835
PH: (404) 591-1800; FX: (404) 591-1801

This 6th day of December, 2010.

THOMPSON HINE LLP

BY:   /s/ Z. Ileana Martinez
          Z. Ileana Martinez, GA Bar. 474660
          Attorneys for Defendant

One Atlantic Center, Suite 2200
1201 West Peachtree Street
Atlanta, Georgia 30309-3449
Telephone:  (404) 541-2900
Facsimile:   (404) 541-2905
Email: Ileana.Martinez@ThompsonHine.com

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in LR 5.1B. Specifically, Times New Roman was used in 14 point.

So certified this 6th day of December, 2010.

/s/ Z. Ileana Martinez<br>
Z. Ileana Martinez<br>
Georgia Bar No. 474660<br>
Leslie J. Suson<br>
Georgia Bar No. 142162

Counsel for Defendant
THOMPSON HINE LLP
One Atlantic Center, Suite 2200
1201 West Peachtree Street
Atlanta, Georgia 30309-3449
Telephone:  (404) 541-2900
Facsimile:   (404) 541-2905
Email: Ileana.Martinez@ThompsonHine.com
Leslie.Suson@ThompsonHine.com