# THOMPSON HINE

ATLANTA     CLEVELAND     DAYTON     WASHINGTON, D.C.
CINCINNATI     COLUMBUS     NEW YORK

February 1, 2011

Sent Via U.S. Mail and Fax (706) 291-3905

The Honorable Harold L. Murphy
United States District Court,
   Northern District of Georgia
600 East First Street, Room 311
Rome, GA 30162

      Re:   *Aletia Moon and James Zachary Carrier v. Abbott Medical Optics Inc.* Case No. 4:08-cv-00021-HLM

Dear Judge Murphy:

      We write to seek the Court's guidance on three pressing issues.

      Your Honor noted in your Order denying Plaintiffs' Motion to Dismiss Voluntarily Without Prejudice that "Plaintiffs have very little, if any, evidence to prove causation . . . ." In fact, to the best knowledge of the defense, Plaintiffs can and will offer no evidence whatsoever concerning specific causation. That is, given the exclusion of any testimony that Dr. Randleman may have offered regarding causation, Plaintiffs have no witness who can testify that AMO's contact lens solution caused Zach Carrier's Acanthamoeba keratitis. The Eleventh Circuit, of course, requires expert testimony on the issue of specific causation. *See, e.g., Guinn v. AstraZeneca Pharms. LP*, 598 F. Supp. 2d 1239, 1242 (M.D. Fla. 2009), *aff'd*, 602 F.3d 1245 (11th Cir. 2010) (citing REFERENCE GUIDE ON EPIDEMIOLOGY IN REFERENCE MANUAL ON SCIENTIFIC EVIDENCE 444 (Fed. Judicial Ctr., 2nd ed. 2000). As a result, regardless of the modicum of evidence Plaintiffs claim to be able to elicit from AMO's witnesses on the issue of general causation – and AMO makes no concessions in this regard – Plaintiffs' case cannot survive a motion for judgment as a matter of law, and nothing can happen at trial consistent with the Court's prior rulings that might alter that outcome. Plaintiffs' motion for reconsideration with respect to the exclusion of Dr. Randleman's proffered causation opinions merely highlights this critical flaw in their case: They know that they cannot meet their burden of production on any claim without that evidence.

THOMPSON HINE LLP     One Atlantic Center     www.ThompsonHine.com
ATTORNEYS AT LAW     1201 West Peachtree St. NW     Phone 404.541.2900
                                   Suite 2200     Fax 404.541.2905
                                   Atlanta, GA 30309-3449

It seems to us wasteful of the Court's and the jury's resources, and a significant unnecessary expense to the parties, to convene the trial under these circumstances. Mr. Carrier's fervent desire to have his day in court should not be reason enough to force the Court, the jurors, and AMO to suffer the considerable expense and inconvenience of holding what promises to be half of a trial. Thus, we write to ask the Court's guidance on whether a conference, whether in person or by telephone, would be appropriate in these circumstances to discuss whether there is a basis for the trial going forward at all.

Secondly, Plaintiff delivered to AMO's counsel a trial subpoena directed to Mr. John Smith, an employee of AMO. As it relates to this case, Mr. Smith's primary area of responsibility at AMO concerned the evaluation and reporting of adverse events, including the management of the effort to enter and track such reports in AMO's CATSWeb system. Mr. Smith, a California resident, has longstanding vacation plans through February 7. We had agreed shortly after the November pretrial that Mr. Smith would appear at trial, but notified Mr. Goldberg that Mr. Smith could not appear until the 9th of February, rather than the first day of trial, February 7, as Mr. Goldberg requested. At this point, however, with the Court having subsequently excluded evidence of the CATSWeb entries and other so-called "similar incidents" (as recently reiterated in the Court's order denying Plaintiffs' motion for reconsideration of the exclusion of that evidence), we are at a loss to identify any topic on which the Plaintiffs might elicit admissible evidence from Mr. Smith in their case in chief. We have asked Plaintiff's counsel to articulate a subject as to which Mr. Smith's testimony would be admissible. He has declined.

We write, therefore, for this second reason to ask the Court whether a conference, in-person or by telephone, would be appropriate to determine whether Mr. Smith should be required to attend the trial at all during Plaintiffs' case-in-chief, let alone according to a schedule specified by the Plaintiffs. Given the Court's rulings, there is no reason to require Mr. Smith to interrupt his vacation to travel from California to appear at a trial that

must result in a directed verdict for the defense, and as to which Mr. Smith has no admissible evidence to offer for the benefit of the Plaintiffs.

Finally, Plaintiffs' counsel has indicated Plaintiffs' intention to present the videotaped trial testimony of Kate Ambrus and John Lally, Ph.D., two former employees of AMO, on February 7. AMO has served on Plaintiffs comprehensive objections to the testimony designated by Plaintiffs. We have communicated with Mr. Goldberg toward a procedure and timeline for resolving those objections in advance of trial, but we have been unable to this point to reach agreement. In any event, it is likely that some objections will remain to be resolved by the Court. Although it may be possible for the parties to obtain rulings from the Court on the remaining contested issues and implement those rulings in expedited fashion, postponing the rulings until the trial has been convened will almost certainly result in unnecessary "down time" while the video presentations are edited to conform to the rulings. Accordingly, AMO suggests that a conference this week may be an appropriate means of ensuring that the trial, if it must proceed on Monday despite the Plaintiffs' lack of critical evidence, at least gets underway without threat of a fitful first day of starts and stops.

Thank you for your consideration of these issues.

Most respectfully,

Z. Ileana Martinez

cc: Michael Goldberg, Esq. (Via Fax and U.S. Mail)